IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Paul Leslie Cox, # 75206,                ) C/A No. 8:15-2856-TMC-JDA
                                         )
            Plaintiff,        )
                                         )
vs.                               ) **REPORT AND RECOMMENDATION**
                                       )
Robert M. Dudek; and South Carolina )
Commission on Indigent Defense,      )
                                       )
            Defendants.     )
_____ )

     Paul Leslie Cox ("Plaintiff"), proceeding pro se, apparently brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Perry Correctional Institution, and he files this action requesting to proceed *in forma pauperis* under 28 U.S.C. § 1915. The motion to proceed *in forma pauperis* should be denied, and the Complaint should be dismissed unless Plaintiff timely pays the full filing fee.

## BACKGROUND

     Plaintiff alleges he was sentenced to ten years to life for kidnaping on April 16, 1987. [Doc. 1.] He alleges that Robert M. Dudek ("Dudek") was the chief appellate defender and represented Plaintiff in the direct appeal. [*Id*.] Plaintiff contends that Dudek failed to raise certain issues during his direct appeal; thus, Dudek rendered ineffective assistance of counsel. [*Id*.] For his relief, Plaintiff seeks release from prison and for the disbarment of Dudek. [*Id*.]

## DISCUSSION

     Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee.  To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full.  However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing.  *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

This Court may take judicial notice of the three (3) civil actions filed by Plaintiff in which a "strike" has been entered.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  Plaintiff has filed three prior cases in this Court, which have been dismissed *with prejudice*, as frivolous, and deemed "strikes" under § 1915(g).  *See Cox v. U.S. Att'y Gen., et al.*, Civil Action No. 3:12-591-TMC, 2012 WL 1570093, at \*1 (D.S.C. May 3, 2012); *Cox v. S.C. Dep't of Corr. Dir. Jon E. Ozmint, et al.*, Civil Action No. 3:12-225-TMC, 2012 WL 1415149, at \*1 (D.S.C. Apr. 24, 2012); and *Cox v. United States*, Civil Action No. 3:12-50-TMC, 2012 WL 1158861, at \*1 (D.S.C. Apr. 9, 2012).  In light of these "strikes" imposed in 2012, Plaintiff cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule.  See 28 U.S.C. § 1915(g); and *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

The Complaint in the above-captioned case does not fit within the exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. Effective May 1, 2013, the Judicial Conference of the United States raised the filing fee for a civil case. The filing fee (set by the Congress and the Judicial Conference of the United States) for a non-habeas civil action is now four hundred dollars ($400). As a result, Plaintiff must pay the full filing fee of four hundred dollars ($400). **If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.**

## RECOMMENDATION

It is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] be DENIED. It is further recommended that Plaintiff be given twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee of four hundred dollars ($400) and that the Clerk of Court withhold entry of judgment until such time for payment expires. If Plaintiff fails to pay the filing fee within the specified time period, it is further recommended that the Complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk of Court enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee. **Plaintiff's attention is directed to the important notice on the next page.**

September 4, 2015                                              s/Jacquelyn D. Austin
Greenville, South Carolina                                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).